98-749.rr3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.  98-749 CR UNGARO-BENAGES



UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GUILLERMO DUARTE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**This matter** is before this Court on Defendant's Motion to Suppress Statements Obtained from Guillermo Duarte by Jailhouse Informant, filed June 26, 2001.  The Court has considered the Motion and the Response.  Additionally, an evidentiary hearing was held on October 4 and October 5, 2001, at which the Court made certain findings of fact and conclusions of law.  The Court adopts those findings and the transcript of that hearing by reference herein.

### Facts and Discussion

Defendant moves to suppress statements made by Defendant to one Willie Daniels, who was an inmate along with Defendant at the Federal Detention Center.  As announced at the hearing, the Court finds that the statements are not subject to suppression.

The United States Supreme Court's decision in <u>Massiah v. United States</u>, 377 U.S. 201 (1964) is the seminal case concerning a defendant's right to exclude confessions elicited by government informants in the absence of counsel, once the right to counsel has attached and been asserted.  In <u>Massiah</u>, the Court held that the Sixth Amendment right to counsel applies to "extrajudicial settings"

1

and "that the petitioner was denied the basic protections of that guarantee when there was used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of counsel." Id. at 206.   Subsequently, in United States v. Henry, 447 U.S. 264 (1980) the Court found that "when the government instructs a fellow inmate to listen for damaging statements made by an accused in custody, it violates the accused's sixth amendment right to counsel by intentionally creating a situation likely to induce  the accused to make incriminating statements without the assistance of counsel." United States v. Hicks, 798 F.2d 446, 448 (11th Cir. 1986) (citing Henry, 447 U.S. at 274).

Following this precedent, the Eleventh Circuit has stated that in order to establish a violation of the Sixth Amendment in a jailhouse informant case, the defendant must show "(1) that a fellow inmate was a government agent; and (2) that the inmate deliberately elicited incriminating statements from the accused." Lightbourne v. Dugger, 829 F.2d 1012, 1020 (11th Cir. 1987). This Court announced at the hearing that there was insufficient evidence that Mr. Daniels was acting as a government agent. At most, Defendant proved that Mr. Daniels hoped that he would obtain some type of benefit for "cooperation."[1] Significantly, in Lightbourne, the Court stated:

> We must not confuse speculation about [the informant's] motives for assisting the police for evidence that the police promised [the informant] consideration for his help or, otherwise, bargained for his active assistance. [The informant's] motives alone cannot make him an agent of the police even if the police knew and understood that his motives probably were self-serving and related to getting police cooperation in his own case.

Id. at 1021; see also United States v. Geittmann, 733 F.2d 1419 (10th Cir. 1984) (stating that "*Massiah* and *Henry* condemn deliberate efforts by the government to create situations in which indicted defendants are likely to make incriminating statements to seemingly independent others in the absence

---

[1]It is questionable what type of benefit Mr. Daniels may have reasonably anticipated, in that he had already received a reduction of his sentence at the recommendation of the Government.

of counsel." ) (emphasis added).

Moreover, there was no evidence that Mr. Daniels "deliberately elicited incriminating statements" from Defendant. Rather, DEA Agents Steve Horner and Hubert Jordan testified that Mr. Daniels advised another DEA Agent, Agent Gibbs, who had been involved in Daniels' case, that Defendant had approached Daniels regarding how he (Defendant) would go about discussing possible cooperation with the Government. Therefore, it appears that Mr. Daniels was a mere conduit between Defendant and the Government. Although a fellow inmate, Paul Diaz, testified that it was Mr. Daniel's customary practice to seek out information about other inmates and turn it over to the Government, a taped conversation between Mr. Daniels and Agent Gibbs revealed Mr. Daniels advising Agent Gibbs that Defendant was interested in cooperating with the Government.

## Recommendation

Accordingly, the Court respectfully recommends that the Motion to Suppress Statements Obtained from Guillermo Duarte by Jailhouse Informant be **DENIED**.

The parties have until 5:00 p.m. on Tuesday, October 9, 2001 to serve and file written objections, if any, with the Honorable Ursula Ungaro-Benages, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 5th day of October, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:     Honorable Ursula Ungaro-Benages
        Arturo V. Hernandez, Esq. (by fax: (305) 444-1487)
        Richard Sharpstein, Esq. (by fax: (305) 372-9928)
        AUSA Rosa Rodriguez-Mera (by fax: (305) 536-7213)